### IN THE UNITED STATES COURT FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABSOLUTE ABSTRACT AGENCY, INC.** d/b/a **HOMETOWN LAND SERVICES** | : : : | |
| Plaintiff | : | No. _____ 2020 |
| vs | ; : | |
| **THE OHIO CASUALTY INSURANCE COMPANY**, Division of Liberty Mutual Surety and Liberty Mutual Group c/o 27201 Bella Vista Pkwy, Ste. 310 Warrenville, IL  60555 | : : : : : : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## **COMPLAINT**

AND NOW COMES, the Plaintiff, by and through its attorney, Joseph R. Rydzewski, Esquire of Spall, Rydzewski, Anderson, Lalley & Tunis, PC and alleges as follows:

1. Plaintiff is a Pennsylvania Corporation and a citizen of Pennsylvania, with its principal place of business in Mount Pocono, Monroe County, Pennsylvania, and c/o Elwood C. Kurtz, now of P.O. Box 244, 965 Rte. 940, Ste 101, Pocono Lake, PA  18347.

2. Defendant is a foreign corporation and out of state citizen, with its principal place of business in Warrenville, IL, and registered to sell insurance in the Commonwealth of Pennsylvania.

3. The Plaintiff was an abstract, settlement and title agent insured under the Defendants' Commercial Crime Policy, ie., "Crime Protection Policy", from 03/22/2017 to 03/22/2018, copy of the coverage Notice with Crime coverage being attached as Exhibit 1.

4. As a result of then discovered and additional discovered losses, including under the Employee Dishonest, Forgery and Alteration, Computer Fraud and/or Loss of Clients property (clients' funds in escrow) Plaintiff has incurred losses under the various coverage for a total greater than $100,000.

5. Defendant acknowledged the notice of loss by letter dated 08/27/2018, copy of which is attached as Exhibit 2, and by letter of 10/22/2018, attached as Exhibit 3. Defendant then acknowledged receipt of the required proof of loss and thereafter, on 10/29/2018, Defendant asked again for Proof of Loss although claim information was already provided, copy of which is attached as Exhibit 4.

6. Thereafter, Plaintiff, as requested, submitted its sworn Proof of Loss by letter of counsel dated December 7, 2018, copy of which is attached as Exhibit 5.

7. Thereafter, Defendant requested further information by letter of 01/03/2019, copy attached as Exhibit 6, which was provided by Plaintiff by e-mail and letter of August 21, 2019 with the information, documentation, checks and histories included, <u>but no further activity, investigation, acceptance or denial has taken place since then.</u>

## COUNT I
## IN CONTRACT

8. Plaintiff incorporates Paragraphs 1 to 7 as if set forth at length.

9. The dishonesty/fraud/forgery and escrow losses , ie., loss of client's property, were committed by the individual then investigated as set forth in letter to insured by Office of Attorney Ethics attached as Exhibit 7, when, as per the attached card, Exhibit 8, the individual set forth an insured's "General Counsel" improperly took and/or acquired the funds of the Plaintiff or its insured clients.

10. Under the issued insurance contract during the term of its "Crime Protection Policy", Plaintiff sustained losses by Employee dishonest, forgery and alteration, Computer Fraud and/or Loss of Client's property for a total amount in excess of $100,000, plus interest, for which demand by sworn proof of loss was made and no payment made.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in an amount in excess of $75,000 plus interest and costs.

SPALL, RYDZEWSKI, ANDERSON, LALLEY & TUNIS, PC


BY: *Joseph R. Rydzewski, Esquire*
JOSEPH R. RYDZEWSKI, ESQUIRE
Attorney for Plaintiff
ID # 17652
2573 Route 6
Hawley, PA  18428
(570) 226-6229
joerr@poconolawyers.net